IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,                            ORDER

      v.                                         15-cr-29-jdp-1

TODD WILLIAM ORTH,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Todd William Orth's supervised release was held on September 22, 2017, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Timothy O'Shea. Defendant was present in person and with counsel, Erika L. Bierma. Also present was Senior U.S. Probation Officer Michael J. Nolan.

From the record I make the following findings of fact.

## FACTS

On February 11, 2009, defendant was sentenced in the Northern District of Iowa following his conviction for interstate travel with intent to commit criminal sexual activity with a minor, in violation of 18 U.S.C. §§ 2423(b), 2423(f), 2243(a), and 2246. This offense is a Class B felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 87 months, with a 15-year term of supervised release to follow. Defendant

began his term of supervised release on November 21, 2014, in the Western District of Wisconsin. On March 4, 2015, jurisdiction was transferred from the Northern District of Iowa to the Western District of Wisconsin.

Defendant stipulated to violating Standard Condition No. 3, requiring him to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. On June 28, 2017, defendant's supervising probation officer and the treatment counselor instructed defendant to have no contact with his minor daughter until approval was granted by the treatment counselor and his probation officer. On June 28, 2017, defendant had telephone contact with his minor daughter and continued to have telephone contact with her primarily through short message services (text messaging) through July 11, 2017, without approval. On August 3, 2017, the supervising probation officer asked defendant during a phone conversation whether he had contact with his children and he denied contact. On August 4, 2017, defendant was asked again during a community contact whether he had contact with his children. He admitted to having telephone contact with his minor daughter on July 18, 2017. In a sex offender treatment session, defendant admitted that he was knowingly dishonest with his supervising probation officer and was deceptive with information regarding his contact with his daughter when discussing the issue with his supervising probation officer and the sex offender treatment counselor in the past.

Defendant's stipulated violation is a Grade C violation. Under §7B1.3(a)(2), the Court may revoke or extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

During the hearing, the parties also addressed defendant's inappropriate physical contact with his minor daughter. On June 28, 2017, defendant and U.S. Probation Officer Michael Nolan

met with a sex offender treatment counselor for a counseling session. Defendant disclosed that he had touched his daughter's breast while waking her up in the morning, and he described an incident during which he cuddled with his daughter while he was naked under sheets of his bed while she was on top of the sheets. The treatment counselor also asked defendant about websites that he had visited, specifically [www.incesttaboo.com](www.incesttaboo.com). Defendant indicated that he was aroused by incest. The treatment counselor expressed serious concerns about the safety of Mr. Orth's minor daughter in light of the inappropriate contact and defendant's sexual interests and history. At the hearing, the treatment counselor testified that defendant had not been fully and forthrightly engaged in his therapy. Based on these concerns, defendant's sex offender counseling was increased to two sessions per week. The government did not contend that this physical contact constituted additional violations of defendant's conditions of supervision because it could not prove that defendant intended the contact for sexual purposes.

The court also took testimony from defendant's daughter's counselor. She expressed the view that the daughter had begun to develop a stronger relationship with defendant since his incarceration, and that it would be healthy for the daughter to continue to develop this relationship. The counselor did not support a complete bar on contact between defendant and his daughter, although the counselor had not been aware of the allegations of inappropriate physical contact.

CONCLUSIONS

Defendant's stipulated violation is serious in light of his offense of conviction. The court is also very concerned about defendant's inappropriate physical contact with his daughter and his lack of full, honest engagement in his therapy.

Defendant's criminal history category is I. With a Grade C violation, defendant has an advisory guideline term of imprisonment of 3 to 9 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is three years because his underlying offense is a Class B felony. I am persuaded that at this point the court's concerns are best addressed by a modification of the conditions of supervision, with some additional guidance to defendant and the supervising officer.

Accordingly, the conditions of supervised release imposed on February 11, 2009, are rescinded and replaced with the conditions proposed in Dkt. 4, as further modified at the hearing. Specifically, the court declines to impose special condition no. 8 requiring placement in a residential re-entry center. The court modifies special condition no. 2 to prohibit defendant from accessing any form of internet pornography, and to prohibit possession of pornography unless therapeutically appropriate and approved by the supervising officer. The conditions imposed are restated in the order section below. Defendant waived reading of the conditions at the hearing.

The court also provides some additional guidance for the benefit of defendant and the supervising officer. The court expects defendant to sincerely, fully, and honestly engage in recommended therapy. Defendant will have to demonstrate engagement with and progress in therapy before the supervising officer approves contact with his minor children, and the amount of contact and the nature of that contact will depend on the degree of engagement and progress in therapy. The court expects that for a period of time defendant will increase the frequency of his treatment sessions.

In consultation with defendant's therapist, the supervising officer should prepare a plan that will allow phased-in contact with defendant's minor children, so long as this contact is not counterproductive to defendant's therapy or the well-being of the children. The contact is to

begin with monitored electronic communication, with the long-term objective of allowing in-person contact. The supervising officer should also consider information provided by defendant's daughter's therapist. The court requests further reports from the supervising officer as appropriate, including one within 30 days of this order. I will leave the format of reports to the discretion of the supervising officer. If the supervising officer recommends revocation or any amendment to the conditions of supervision the report must be in writing. But otherwise the supervising officer may report to the court as he sees fit.

ORDER

IT IS ORDERED that the conditions of supervised release imposed on defendant on February 11, 2009, are RESCINDED, and REPLACED with the conditions stated below.

Pursuant to the Seventh Circuit Court of Appeals decisions in *United States v. Thompson, et al.,* 777 F.3d 368 (7th Cir. 2015), a sentencing judge must give a reason, consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a), for any non-mandatory condition of supervision.

Standard conditions of supervision, as set forth in 18 U.S.C. §§ 3563(b) and 3583(d), have been established by policy of the Judicial Conference, as informed by U.S. Sentencing Commission policy statements in §§5B1.3 and 5D1.3. The U.S. District Court for the Western District of Wisconsin has adopted some modifications as a result of recent Seventh Circuit case law. These conditions, adopted from 18 U.S.C. §§ 3563(b) and 3583(d) and numbered below, identify the basic requirements, expectations, and limitations for defendants and address corresponding risk-related or recidivism-related factors. The conditions provide probation officers with the means to monitor the conduct of defendants who are under court-ordered

supervision by matching supervision and programming to factors correlated with risk. The following discretionary conditions, along with the mandatory conditions of supervised release, are reasonably related to the offense of conviction, as well as the personal history and characteristics of defendant.

|    | STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|----|---|---|
| 1) | **Defendant shall not leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer.** | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(14); 18 U.S.C. § 3603(2) and (7); USSG §5B1.3(b)(1)(A), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2) | **Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(15) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(B)(C), (D), (E) and (b)(2); USSG §5D1.3(b)(1)(B), (C), (D) and (b)(2). |

| | | |
|---|---|---|
| 3) | **Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court.** | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(4) and (5); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(C), (D) and (E); USSG §5D1.3(b)(1)(B), (C) and (D). |
| 4) | **Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3563(b)(13), (15), (16) and (19); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(D) and (b)(2); USSG §5D1.3(b)(1)(C). |
| 5) | **Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.** | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(A), (B), (C) and (D); USSG §5D1.3(b)(1)(A), (B) and (C). |

| | | |
|---|---|---|
| 6) | **Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered.** | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 7) | **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(B), (C) and (D); USSG §5D1.3(b)(1)(B) and (C). |

| | | |
|---|---|---|
| 8) | **Defendant shall permit a probation officer to visit defendant at home, work, or elsewhere at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.** | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG§ 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) | **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10) | **As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties.** | To protect the public from further crimes perpetrated by defendant. 18 U.S.C. § 3553(a)(1), (b)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(3), (4), (5), (6), (13) and (16); in a case of crimes against property 18 U.S.C. § 3555; 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(A), (B), (C) and (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |

**Special Conditions**

In addition to the mandatory and standard conditions, the following special conditions are imposed:

|    | SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|----|-----------------------------------|---------------|
| 1) | **Provide the supervising U.S. probation officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information and that he will use during the term of supervision. The probation office is authorized to install any application as necessary on any such devices owned or operated by defendant and shall randomly monitor those media. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by him, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals. The examinations may involve removal of such equipment for the purpose of conducting examination.** | Based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by the defendant, as evidenced by his noncompliance. |
| 2) | **Not possess any child pornography, as defined in 18 U.S.C. § 2256(8); not access any form of pornography through the internet; not possess any material containing sexually explicit conduct as defined in 18 U.S.C. § 2256(2), including pictures, photographs, books, writings, drawings, videos, and video games, unless deemed to be therapeutically appropriate and expressly approved by the supervising probation officer.** | Based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by the defendant. |
| 3) | **Defendant shall not own, use or have access to the services of any commercial mail receiving agency and he shall not open or maintain a post office box without the prior approval of the supervising probation officer.** | Based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by the defendant. |

| | | |
|---|---|---|
| 4) | **Not associate with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. probation officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal with in order to obtain ordinary and usual commercial services.** | Based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by the defendant. |
| 5) | **Have no contact with his adolescent children in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. probation officer and the sex offender therapist.** | Based on the offense of conviction and the need to protect his children from further criminal activity perpetrated by the defendant and further support sex offender treatment based on his identified sexual proclivities and diagnosis. |
| 6) | **Defendant shall register with local law enforcement authorities, the state attorney general and the state's sex offender registry as directed by the supervising probation officer** | Based on the offense of conviction and the need to monitor defendant's compliance with local, state, and federal laws. |
| 7) | **Defendant shall submit his person, residence, office or vehicle to a search conducted by a U.S. Probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall advise any other residents that the premises he is occupying may be subject to searches pursuant to this condition.** | Based on the nature of the offense of conviction, the need to protect the public from further criminal activity perpetrated by the defendant as suggested by his criminal history, and the need to ensure the safety of the supervising U.S. probation officer. It is noted that several items of contraband have been seized during the term of supervision. |

| 8) | **Undergo a psychosexual evaluation, which may involve use of Abel Screen and polygraph or plethysmograph examinations, or similar technology, as approved by the supervising U.S. probation officer. Defendant shall participate in and successfully complete an outpatient sex offender counseling program if recommended by the evaluator, as approved by the supervising U.S. probation officer and the treatment provider.** | Based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by the defendant. |
|---|---|---|
| 9) | **Not work in an occupation, business or profession, or participate in a volunteer activity where he has access to children under the age of 18 without prior approval of the supervising U.S. probation officer.** | Based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by the defendant. |

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Entered January 4, 2018.

BY THE COURT:

/s/ James D. Peterson

_____
James D. Peterson
U.S. District Judge